**WO**                                                                                              KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian A. Wilkins, | No. CV 09-927-PHX-MHM (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Steven Lessard, et al., | |
| Respondents. | |

Petitioner Brian A. Wilkins has filed a *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (On Probation)" (Doc. #1). Petitioner filed an Amended Petition on May 11, 2009, (Doc. #4) and, on May 13, 2009, lodged a Second Amended Petition (Doc. #6). The Court will direct the Clerk of Court to file the Second Amended Petition.

Petitioner names Maricopa County Adult Probation Supervisor Steven Lessard as Respondent to the Second Amended Petition and the Arizona Attorney General as an additional Respondent. Petitioner was convicted on March 30, 2009, in Maricopa County Superior Court, case number CR 2008-145947-001SE, of Disorderly Conduct and Possession of Drug Paraphernalia. Petitioner was sentenced to one year of supervised probation for each count, to be served concurrently.

Petitioner raises three grounds for relief: (1) Petitioner was denied his Sixth Amendment right to effective assistance of counsel; (2) Petitioner was denied his Sixth

1  Amendment right to self-representation; and (3) Petitioner was denied his Eighth and
2  Fourteenth Amendment rights to due process.

3  Petitioner affirmatively alleges that he has not exhausted these claims. A prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. Exhaustion requires that Petitioner's claims be fairly presented to the highest state court to provide that court with an opportunity to rule on the merits of Petitioner's federal claims. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32 [Arizona Rules of Criminal Procedure]." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the Petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

Petitioner argues that because a Rule 32 petition is filed with the trial court, it is "ineffective to protect the rights of the applicant" pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner presents no reason, other than the fact that he would be required to file his Rule 32 petition with the trial court, as to why a Rule 32 petition would be ineffective. Further, the Court notes that Petitioner would be permitted to appeal an unfavorable ruling by the trial court to the Arizona Court of Appeals. See Rule 32.9(c) of the Arizona Rules of Criminal Procedure ("Within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court."). The Court will therefore dismiss the petition, without prejudice, for failure to exhaust state remedies.

. . .

. . .

**IT IS ORDERED:**

(1) The Clerk of Court must file Petitioner's May 13, 2009 Second Amended Petition (Doc. #6).

(2) The Second Amended Petition (Doc. #6) and this action are **dismissed**, without prejudice, for failure to exhaust administrative remedies. The Clerk of Court must enter judgment accordingly.

DATED this 3rd day of June, 2009.

_____
Mary H. Murguia
United States District Judge